■ The People of the State of New York, Respondent, v. Elijah Allen, Appellant.— Judgment of the Supreme Court, Kings County, rendered May 13, 1968, reversed, in the interests of justice, and new trial ordered. Indicted for the premeditated murder of James Duckson in July, 1967, defendant was convicted of manslaughter in the second degree following a trial at which he had testified that Duckson attacked him with a knife in a public street and that, when in the ensuing struggle he was on top of Duckson who was then lying in a roadway, he struck Duckson's head against the roadway's surface.

With respect to justifiable homicide, the trial court charged the jury pursuant to subdivision 1 of the second part of section 1055 of the former Penal Law, but failed to charge pursuant to subdivision 2 thereof. Though no exception was taken by defendant, the facts at bar persuade us to reverse the judgment and order a new trial in the interests of justice. Under the charge given pursuant to the above-mentioned subdivision 1, the jury could have found that, though defendant was attacked at close quarters by knife-wielding Duckson, he was nevertheless guilty of manslaughter because he did not flee rather than kill Duckson. The jury could have concluded that the fight occurred on a public street, that Duckson was intoxicated and defendant was not, and hence that defendant could have fled in safety. Under these facts, however, defendant could have lawfully stood his ground and, if necessary, slain Duckson (*People* v. *Ligouri*, 284 N. Y. 309). Christ, P. J., Rabin, Hopkins, Munder and Latham, JJ., concur.